UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23604-CIV-ALTONAGA/Brown

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

vs.

JEAN R. CHARBIT and
TZEMACH DAVID NETZER KOREM,

    Defendants.
_____/

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT TZEMACH DAVID NETZER KOREM

The Securities and Exchange Commission having filed an Amended Complaint, and Defendant, Tzemach David Netzer Korem ("Korem"), having (a) consented to the Court's jurisdiction over him and the subject matter of this action; (b) consented to entry of this Judgment of Permanent Injunction and Other Relief (the "Judgment") without admitting or denying the allegations of the Amended Complaint (except as to subject matter and personal jurisdiction); (c) waived findings of fact and conclusions of law; and (d) waived any right to appeal from this Judgment, it is **ORDERED AND ADJUDGED** as follows:

### I. SECTION 10(B) OF THE SECURITIES EXCHANGE ACT OF 1934

Korem and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate

Case No. 10-23604-CIV-ALTONAGA/Brown

commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II. SECTION 17(A) OF THE SECURITIES ACT OF 1933

**IT IS FURTHER ORDERED AND ADJUDGED** that Korem and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

Case No. 10-23604-CIV-ALTONAGA/Brown

### III.  PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that Korem is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

### IV.  CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Korem shall pay a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  The Court shall determine the amount of the civil penalty upon motion of the Commission.  In connection with the Commission's motion for a civil penalty, and at any hearing held on such a motion: (a) Korem will be precluded from arguing he did not violate the federal securities laws as alleged in the Amended Complaint; (b) Korem may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Amended Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for a civil penalty, the parties may take discovery, including discovery from appropriate non-parties.

Case No. 10-23604-CIV-ALTONAGA/Brown

## V. INCORPORATION OF KOREM'S CONSENT

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent [ECF No. 19-1] is incorporated herein with the same force and effect as if fully set forth herein, and that Korem shall comply with all of the undertakings and agreements set forth therein.

## VI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of December, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

Tzemach David Netzer Korem, *pro se*
Federal Detention Center
33 N.E. 4th Street
Miami, FL 33132